Leo BALDERAS, Mamie Dietz, and Richard Herzig, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Donald N. THORGAARD, individually and as Chief Deputy Clerk of Criminal Court of Milwaukee County, Harold A. Breier, individually and as Chief of Police of the City of Milwaukee, Michael S. Wolke, individually and as Sheriff of Milwaukee County, Rose C. Nugent, individually and as Court Administrator of the City of Milwaukee Municipal Court, and their agents, employes, assistants, successors in office, and all others acting in concert or cooperation with them or at their direction or under their control, Defendants.

No. 73–C–290.

United States District Court, E.D. Wisconsin.

May 11, 1995.

Legal Action of Wisconsin by Jeffery R. Myer, Milwaukee, WI, for plaintiffs.

Charles R. Theis, Sp. Deputy City Atty., Milwaukee, WI, for Leticia Smith.

Robert C. Ott, Milwaukee, Corp. Counsel, Milwaukee, WI, for Successors to Thorgaard and Wolke.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On May 29, 1973, the plaintiffs commenced the above-captioned action seeking declaratory and injunctive relief. The action was resolved with the entry of an order for partial consent judgment ["consent judgment"] on July 22, 1975. Presently before the court is successor defendant Leticia M. Smith's ["the defendant's"] motion for relief from judgment. Ms. Smith is the current court administrator of the city of Milwaukee municipal court. The plaintiffs have filed a brief in opposition to the defendant's motion.

The plaintiffs filed this action seeking a declaratory judgment declaring that the original defendants' practice of incarcerating persons who failed to pay fines which were imposed upon conviction of municipal ordinance violations, without first holding a hearing to determine whether such persons were indigent, constituted a violation of such persons' Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution. The action was subsequently certified as a class action pursuant to Rule 23, Federal Rules of Civil Procedure. The plaintiffs also sought a permanent injunction requiring the defendants to provide written notice to persons threatened with incarceration for failure to pay fines imposed upon conviction of municipal ordinance violations, informing such persons of their right to a judicial hearing to determine the reason for their failure to pay the fine.

Pursuant to the July 22, 1975, consent judgment, the defendants were required to provide written notice to persons threatened with incarceration for failure to pay fines imposed upon conviction of city of Milwaukee ordinance violations. The written notice was to include notice of the reason for the proposed incarceration and notice of the right to a judicial hearing before the Milwaukee municipal court regarding the person's ability to pay the fine. Paragraph 2(a) of the consent judgment specifies the form of written notice which must be given to the individual who appears in municipal court. Paragraph 2(b) of the consent judgment sets forth the form of written notice to be given when a person does not appear in court and a default judgment is entered. Under paragraph 2(b), the written notice is to be delivered via certified mail. If delivery via certified mail cannot be accomplished, the notice is to be delivered via personal service. Ms. Smith seeks modification of paragraph 2(b) of the consent judgment to permit delivery of the written notice by way of first class mail, rather than by certified mail.

Rule 60(b)(5), Federal Rules of Civil Procedure, permits a court to grant relief from a final judgment or order where "it is no longer equitable that the judgment should have prospective application. . . ." The Supreme Court adopted a two part test to be applied in considering requests for modification of an institutional reform consent decree. *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383, 112 S.Ct. 748, 760, 116 L.Ed.2d 867 (1992). The party seeking modification of the consent decree bears the initial burden of showing that "a significant change in circumstances warrants revision of the decree." *Id.* If the moving party meets this standard, the court must consider whether the proposed modification is "suitably tailored to the changed circumstance." *Id.* District courts should exercise flexibility in considering requests for modification of institutional reform consent decrees. *Id.*

A party seeking a change in the consent decree can meet its initial burden of establishing a significant change in circumstances by showing that there has been either a significant change in factual conditions or a significant change in the law. *Id.* Ms. Smith asserts that there has been a change in the law since the date of entry of the consent judgment, as persons with unpaid municipal judgments now have a statutory right to an indigency hearing prior to their incarceration for failure to pay such judgments. Wis.Stats. § 800.095, effective November 1, 1988, provides that a person arrested pursuant to a warrant issued for failure to pay a municipal judgment is entitled to a judicial hearing at which the court must determine whether the person is unable to comply with the municipal court judgment for good cause or whether he is unable to comply because of his indigence. Ms. Smith contends that under both the statutory and decisional law of Wisconsin, a convicted municipal court defendant has all of the rights set forth in the consent decree.

In *Rufo,* the Supreme Court described a "change in the law" warranting modification as one where "the statutory or decisional law has changed to make legal what the decree was designed to prevent." 502 U.S. at 387, 112 S.Ct. at 762. The defendant concedes that the law has not changed to make legal what the decree was designed to prevent. She also concedes that the statutory right created by Wis.Stats. § 800.095, proscribing incarceration of municipal court defendants for failure to pay municipal forfeitures without an indigency hearing, had been established by the Wisconsin supreme court in 1972 in *State ex rel. Pedersen v. Blessinger,* 56 Wis.2d 286, 201 N.W.2d 778, prior to the entry of the consent judgment in this action. Thus, there has been no change in the law, under the *Rufo* standard, subsequent to the entry of the consent judgment in this action. Wis.Stats. § 800.095 codified a right which the Wisconsin supreme court had already established in 1972.

More significantly, the enactment of Wis. Stats. § 800.095 did not affect a municipal court defendant's right to *notice* of his right to a judicial indigency hearing. While the statute created a statutory right to an indigency hearing, it does not guaranty notice of the right to such hearing. It is one aspect of the notice provisions of the consent decree from which Ms. Smith requests relief; there has been no actual change in the law warranting modification of the consent judgment.

The defendant also asserts that changes in factual conditions justify modification of the consent decree. As stated above, changes in factual conditions may require the modification of a consent decree. *See Rufo,* 502 U.S. at 383, 112 S.Ct. at 760. Specifically, modification may be warranted (1) when changes in factual conditions make compliance with the decree substantially more onerous, (2) when a decree proves to be unworkable because of unforeseen obstacles, or (3) when enforcement of the decree without modification would be detrimental to the public interest. *Id.*

The defendant contends that the procedures utilized by the city of Milwaukee ensure that no person is incarcerated for failure to satisfy a municipal judgment without notice of such person's right to an indigency hearing. Specifically, Ms. Smith asserts that, upon entry of a default judgment in municipal court, a bench warrant is issued for the defendant's arrest. Ms. Smith claims that when the warrant is served, the defendant is personally served with notice of his right to an indigency hearing and that the arresting officer must certify that the defendant was served with such notice.

In her affidavit in support of her motion for modification, Ms. Smith outlines, in detail, the present procedure utilized by the city of Milwaukee to provide notice of the right to an indigency hearing when a default judgment is entered in municipal court. She avers that when a default judgment is entered in municipal court imposing a forfeiture upon a defendant, a bench warrant is issued by the municipal court. *Smith affidavit* at ¶ 3. Ms. Smith avers that if the bench warrant is served at a time when the court is not in session, the defendant is allowed to sign a personal recognizance bond, returnable at the next available session of the court. *Smith affidavit* at ¶ 4. She also avers that the personal recognizance bond form advises

the person of his right to a judicial hearing on his ability to pay the forfeiture. *Smith affidavit* at ¶ 6. Ms. Smith states that the city of Milwaukee mailed 14,146 notices to defendants via certified mail during the calendar year 1994 at a cost of $67,759, when the cost of mailing those notices via ordinary mail would have been $4,102. *Smith affidavit* at ¶¶ 12–14.

 Ordinarily, modification should not be granted where the party seeking modification relies upon changes that were anticipated at the time that it entered into the decree. *Rufo*, 502 U.S. at 383, 112 S.Ct. at 760. Ms. Smith does not assert that an increase in postal rates was unanticipated at the time that the defendants entered into the consent decree. Rather, she contends that the continued requirement of delivery of notice via certified mail is unnecessary in light of changes which have been made in the procedures by which defendants in municipal court proceedings are notified of their right to an indigency hearing.

I believe the method of delivery of notice now utilized by the city of Milwaukee is equivalent to the method of delivery agreed to by the original defendants in the consent judgment. The present method of delivery ensures that all municipal court defendants are notified of their right to an indigency hearing prior to their incarceration for failure to pay a fine. Furthermore, Ms. Smith has shown persuasively that the cost of certified mail is significantly greater now, notwithstanding the factor of inflation, than it was in 1975, when the defendants entered into the consent judgment. In addition, she has shown that the substantial increase in the cost of certified mail is greater than was anticipated in 1975.

The use of certified mail was once utilized by this court to notify prospective jurors of their duty to come to court. That practice was terminated in the eastern district of Wisconsin when the effectiveness and the cost of certified mail was found to be unrewarding. The same reasoning applies to the 1975 consent judgment. In my opinion, there has been a significant change in factual circumstances such that a modification of the consent judgment is warranted. I also find

that "the proposed modification is suitably tailored to the changed circumstance." 502 U.S. at 383, 112 S.Ct. at 760.

## ORDER

Therefore, IT IS ORDERED that successor defendant Leticia Smith's motion for relief from judgment be and hereby is granted, without costs.

IT IS ALSO ORDERED that defendant Smith's counsel prepare a proposed modified judgment for the court's signature after first submitting it to plaintiffs' counsel.